UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

    SAMINA TOSIF,                            Case No.: 12-71932-AST
                                                          Chapter 7
                     Debtor.
---------------------------------------------------------X

### DECISION AND ORDER AUTHORIZING ALAN C. STEIN, ESQ. TO WITHDRAW AS DEBTOR'S COUNSEL AND DENYING <u>DEBTOR'S REQUEST TO DISGORGE FEES</u>

Pending before this Court are the motion of the debtor's counsel to withdraw as counsel and debtor's request for disgorgement of counsel's fees. For the reasons stated herein, counsel's motion is granted, and debtor's request is denied.

### BACKGROUND

This case was commenced on March 30, 2012, by the filing of a Chapter 7 petition (the "Petition") [dkt item 1] by the debtor, Samina Tosif ("Debtor"). Alan C. Stein, Esq. ("Counsel") electronically signed the Petition on behalf of Debtor. [dkt item 1] Together with the Petition, Counsel filed a Statement Pursuant to Local Rule 2017-1, dated March 30, 2012, indicating that he had spent 4.5 hours preparing the case prepetition; the Statement also indicates that rates charged by attorneys in Counsel's office range from $375-$400 per hour for partners.[1] [dkt item 1] Also on March 30, Counsel filed a Disclosure of Compensation of Attorney for Debtor(s) reflecting that Debtor had agreed to pay Counsel $2,500 prior to the petition date. [dkt item 1]

On June 20, Counsel filed the instant motion (the "Motion") [dkt item 22] pursuant to E.D.N.Y. Local Bankruptcy Rule 2090-1(d), seeking to be relieved as Debtor's counsel due to a

---

[1] Counsel subsequently stated that he agreed with Debtor to reduce his billing rate to $300 per hour in this case. Reply Affirmation in Opposition at ¶ 17. [dkt item 37]

1

"breakdown of the attorney-client relationship." Motion at ¶ 6. A hearing on the Motion was scheduled for July 10.

On July 2, Debtor filed a *pro se* letter response to the Motion (the "July 2 Letter"). [dkt item 30] In the July 2 Letter, Debtor acknowledges paying Counsel $2,500 for filing the case, but asserts that she has "not been properly represented by my attorney" and that she was expecting "an instant discharge of my debts." July 2 Letter at ¶ 2. In particular, the July 2 Letter takes issue with the handling of a 2004 examination of Debtor by NGM Insurance Company[2] and alleges that Counsel is "biased" in favor of NGM. *Id.* The July 2 Letter further demands "a full recovery of my fee, paid to Mr. Alan C. Stein." *Id.* at ¶¶ 3, 7. Debtor, however, did not actually oppose counsel's withdrawal.

A hearing on the Motion was held on July 10, at which Counsel appeared; Debtor did not appear. At the conclusion of the hearing, the Court directed, *inter alia*, that Counsel file a fee statement and file a letter in response to Debtor's July 2 Letter that sets forth the current status of Debtor's case including any upcoming deadlines and appearances.

On July 17, Counsel filed a Reply Affirmation disputing the allegations in the July 2 Letter ("Reply Affirmation"). [dkt item 34] In particular, Counsel disputes Debtor's assertion that Counsel is "aligned" with NGM and states that he sought to have Debtor to appear for a court-ordered Bankruptcy Rule 2004 examination of Debtor. Significantly, Counsel affirmatively

---

[2] Multiple motions have been filed in this case seeking to examine the Debtor, her husband, Tosif Siddiqi ("Saddiqi"), and other parties pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. It appears that the July 2 Letter refers to the Motion filed by NGM Insurance Company ("NGM") on May 14, 2012. [dkt item 10] That Motion was granted by Order dated May 15, 2012 [dkt item 11]. A further motion to examine Debtor was filed by NGM on July 17, 2012. [dkt item 31] A hearing on that motion was held on August 14, 2012, after which this Court again ordered Debtor and Saddiqi to appear for 2004 examinations, by Order dated August 16, 2012. [dkt item 39] Thereafter, on September 11, 2012, NGM filed a motion to hold Debtor and Saddiqi in contempt for failure to comply with the two prior Orders directing 2004 examinations. [dkt items 54-56] A hearing on the contempt motion was held on October 2, 2012, and on October 3, 2012, the Court signed an Order, *inter alia*, holding Debtor and Saddiqi in civil contempt, imposing monetary sanctions, and again directing Debtor and Saddiqi to appear for 2004 examinations [dkt item 59].

states that he was willing to represent Debtor at her 2004 examination, but that Debtor "refused to appear." Reply Affirmation at ¶ 8.

On August 8, Counsel filed a Notice of Settlement of a proposed order relieving him as counsel to Debtor. [dkt item 36]

On August 9, 2012, Counsel filed a Reply Affirmation further disputing Debtor's allegations in the July 2, 2012 (the "August 9 Reply"). [dkt item 37] Counsel stated in the August 9 Reply that he worked 11.55 hours on Debtor's case pre- and post-petition and that Counsel had originally sought $3,500 for filing the case but had agreed to a reduced fee of $2,500.[3] The August 9 Reply further states that Debtor signed a retention agreement indicating that "I understand that the creditor may sue for non-dischargeability + I understand that if this happens it is not included in the above fee."[4] August 9 Reply at ¶ 17, quoting dkt item 34, Chapter 7 Retention Agreement.

Because none of these filings advised Debtor of the current status of her case or any pending deadlines or appearances, as required by E.D.N.Y. Local Bankruptcy Rule 2090-1(d), on August 23 the Court issued an Order directing that, within ten days, Counsel file and serve a letter advising Debtor of the current status of her case and any pending deadlines or appearances, and authorizing Debtor to file a response to Counsel's affirmations within twenty-one days thereafter (the "August 23 Order"). [dkt item 47]

On August 24, Counsel filed and served a letter advising Debtor of the current status of her case, including upcoming hearings, examinations and appearances (the "Status Letter"). [dkt item 50]

---

[3] Debtor paid Stein a total of $2,806, which appears to include the $2,500 fee and the $306 Chapter 7 filing fee.

[4] An adversary proceeding objecting to dischargeabilty pursuant to 11 U.S.C. § 523(a)(2) was commenced by NGM against Debtor on August 21, 2012. [adv. pro. no. 12-8325-ast]

Also on August 24, Debtor filed a *pro se* letter in response to Counsel's August 9 Reply (the "August 24 Letter"). [dkt item 51] The August 24 Letter disputes the total number of hours Counsel worked on the case, but appears to accept that Counsel worked at least 8.25 hours on the case, which relate to, among other things, the filing of the Petition, Schedules and Statement of Financial Affairs, and Counsel's appearance at the § 341 meeting of creditors. *See* August 24 Letter at ¶ 2.

## DISCUSSION

*Withdrawal as Counsel*

The first issue before the Court is Counsel's request to be relieved as Debtor's counsel. In this district, requests to withdraw as counsel are governed by Eastern District of New York Local Civil Rule 1.4 and E.D.N.Y. Local Bankruptcy Rule 2090-1. Local Bankruptcy Rule 2090-1 requires that:

> An attorney who has been authorized to be retained or has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. ***An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.***

E.D.N.Y. LBR 2090-1(d) (emphasis added). These requirements mirror those in E.D.N.Y. Local Civil Rule 1.4.

On August 24, Counsel filed the Status Letter setting out the current status of Debtor's case, as well as upcoming hearings, examinations, and appearances at which Debtor's attendance may be required. This Court finds that Counsel's Status Letter satisfies Local Bankruptcy Rule 2090-1(d) and satisfies this Court's August 23 Order.

The Court notes that although Debtor has filed multiple letters in response to the Motion expressing unhappiness with her representation and seeking disgorgement of the fees she paid to Counsel, Debtor does not actually oppose Counsel's withdrawal from this case. The Court does conclude, as Counsel stated, that there has been a "breakdown of the attorney-client relationship" and, therefore, permission to withdraw as counsel is warranted. This breakdown is such that Counsel can no longer fulfill his obligations to Debtor, nor can Debtor accept that Counsel is providing her with appropriate advice and guidance. *See* Rule 1.16 of New York's Rules of Professional Conduct. 22 N.Y.C.R.R. § 1200.0 (2012).

*Debtor's Request That Counsel Be Directed to Disgorge Fees*

The second issue is Debtor's request that Counsel be directed to disgorge all professional fees paid to him by Debtor. This Court has previously addressed the reasonableness of attorney's fees in Chapter 7 cases in several published decisions. *See In re Chin Kim*, 2012 WL 3907490, at *3-4 (Bankr. E.D.N.Y. Sept. 06, 2012); *In re Henry*, 2011 WL 2531106, at *3 (Bankr. E.D.N.Y. June 22, 2011); *In re Datta*, 2009 WL 1941974, at *3 (Bankr. E.D.N.Y. July 2, 2009). As noted in these previous decisions, "Section 329 of the Bankruptcy Code authorizes the Court to determine the reasonableness of compensation and the source of such compensation paid to a debtor's attorney for representing the interests of a debtor in connection with a bankruptcy case." *Chin Kim*, 2012 WL 3907490, at *3 (citing 11 U.S.C. § 329; FED. R. BANKR. P. 2012(b)). In addition, "Bankruptcy Rule 2017 expressly authorizes the court to analyze and determine whether any payment made to a debtor's attorney is reasonable or excessive, whether such agreement is made before the order for relief (Rule 2017(a)), or after the order for relief (Rule 2017(b)), so long as such services are 'in any way related to the case.'" *Datta*, 2009 WL 1941974, at *3 (quoting FED. R. BANKR. P. 2017); *see Chin Kim*, 2012 WL 3907490, at *3.

While the Bankruptcy Code does not provide a statutory scheme for determining the reasonableness of counsel fees in a Chapter 7 case, this Court has previously held that the standards for determining reasonableness of Chapter 13 counsel fees in 11 U.S.C. § 330(a)(3) and § 330(a)(4)(B) are "helpful in determining whether any payment made to a Chapter 7 debtor's counsel is reasonable or excessive under Rule 2017." *Datta*, 2009 WL 1941974, at *3. Section 330(a)(4)(B) permits a court to allow "reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B). Those "other factors" for determining reasonableness are set forth in § 330(a)(3), which requires that a court consider "the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title."

11 U.S.C. § 330(a)(3); *see Chin Kim*, 2012 WL 3907490, at *4; *Datta*, 2009 WL 1941974, at *3.

In this case, Counsel asserts that he worked 11.55 hours on the case, of which 9.75 hours were performed post retention. Debtor disputes this amount and appears to argue in her August 24 Letter that Counsel worked at most 8.25 hours on the case. Despite this disagreement over the

total number of hours worked, Debtor does not dispute that Counsel expended time working on her case, including preparing and filing the Petition, Schedules and Statement of Financial Affairs, and appearing at the § 341 meeting of creditors, as well as having other meetings and communications with Debtor; nor does Debtor dispute that these and other activities undertaken by Counsel on Debtor's behalf were beneficial and necessary to the administration of her case. Rather, Debtor's letters filed in opposition to the Motion express a general frustration and unhappiness with the handling of her case, the amount of time that her case has been pending, and the fact that Debtor was unable to obtain "an instant discharge of my debts."

First, this Court notes that Debtor has not alleged that Counsel performed the work outlined in the August 9 Reply over an unreasonable length of time, nor has Debtor alleged that any perceived delay in this case was the result of some action, or inaction, on the part of Counsel. On the contrary, NGM and the Chapter 7 Trustee have filed multiple requests seeking the Rule 2004 examinations of the Debtor, her husband, and other parties, which have been granted by multiple Orders of this Court, but which Debtor and her husband have ignored on each occasion. [*see* dkt items 11, 39, 43, 48, 49]  This case was filed on March 30, 2012, six months ago; this is not an unreasonable amount of time for this case to pend, particularly given the numerous Bankruptcy Rule 2004 motions that have been filed and the examinees' noncompliance with the Orders granting those motions.

Despite Debtor's desire for an "instant discharge" of her debts, a Chapter 7 discharge is not instantaneous and, in fact, cannot be granted until at least sixty days after the first date set for the § 341 meeting of creditors. *See* FED. R. BANKR. P. 4004(a), (c); 9006(c)(2).  Further, a debtor may be ineligible for a discharge for, among other reasons, the enumerated bases for denying a Chapter 7 discharge set forth in 11 U.S.C. § 727(a).  Additionally, Debtor's creditors, including

NGM, have a right to examine Debtor and to investigate her financial transactions, and the Chapter 7 Trustee has a statutory obligation to do so. *See* 11 U.S.C. § 704(a)(4); FED. R. BANKR. P. 2004.

Additionally, the Court notes that Counsel's customary rates of $375-$400 per hour, the reduced hourly rate of $300 per hour that Counsel agreed to charge in this case, and the total amount charged for professional fees in this case of $2,500 are reasonable and within the range of customary compensation charged by other comparably skilled bankruptcy professionals within this district. Disgorgement is simply not warranted.

## CONCLUSION

Having reviewed the Motion, Debtor's letters filed in opposition, Counsel's filings in support of the Motion, the Status Letter, and Counsel's statements on the record at the July 10, 2012 hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that this Court finds that Alan C. Stein, Esq. has fulfilled his obligations as counsel to the Debtor, and has complied with E.D.N.Y. Local Bankruptcy Rule 2090-1(d) and this Court's August 23 Order. Accordingly, the Motion to withdraw as counsel [dkt item 22] is granted, and Alan C. Stein, Esq. is hereby relieved as counsel for the Debtor; and it is further

**ORDERED**, that for the reasons set forth above, and pursuant to 11 U.S.C. § 330 and Rule 2017 of the Federal Rules of Bankruptcy Procedure, this Court finds that the $2,500 fee charged by Counsel for professional services is reasonable under the circumstances of the case, and that the services performed by Counsel were beneficial to Debtor and necessary to the administration of her case. Therefore, Debtor's request that Counsel be directed to disgorge his fees is denied; and it is further

Case 8-12-71932-ast    Doc 62    Filed 10/10/12    Entered 10/10/12 15:15:35

**ORDERED**, that the Clerk of Court serve a copy of this Decision and Order upon the Debtor, Counsel, the Chapter 7 Trustee, and the Office of the United States Trustee.



Dated: October 10, 2012  
Central Islip, New York

Alan S. Trust  
United States Bankruptcy Judge